**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4132**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALI MIF BEY, a/k/a Richard Lewis Miffin, Jr., a/k/a Noble Ali Bey,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:24-cr-00014-DJN-1)

Submitted:  January 22, 2026                          Decided:  January 27, 2026

Before AGEE, RICHARDSON, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  Erik S. Siebert, United States Attorney, Thomas A. Garnett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ali Mif Bey pleaded guilty to mail fraud, in violation of 18 U.S.C. § 1341. At sentencing, Bey objected to the loss calculation under U.S. Sentencing Guidelines Manual § 2B1.1 (2021)* because it was based on the intended loss rather than the actual loss arising from his fraud, resulting in a significant increase to his offense level. The district court overruled Bey's objection as foreclosed by *United States v. Boler*, 115 F.4th 316 (4th Cir. 2024), and sentenced him to 48 months' imprisonment. Bey now appeals. We affirm.

On appeal, Bey disputes the calculation of his Guidelines range using intended loss rather than actual loss, because the plain meaning of "loss" in § 2B1.1 is actual loss, and thus courts may not consult the Guidelines commentary definition of loss as the greater of actual or intended loss, USSG § 2B1.1 cmt. n.3(A), in calculating the loss amount. He further contends that *Boler* was wrongly decided and should be overruled.

In *Boler*, we held that "because a genuine ambiguity exists as to the meaning of 'loss' in Guidelines § 2B1.1 and the character of the commentary supports that it is deserving of deference," a district court may apply the commentary definition of loss as the greater of actual or intended loss in calculating a defendant's Sentencing Guidelines range. 115 F.4th at 328-29. As to Bey's argument that we should overrule *Boler*, we have

---

\* Because the offense conduct concluded prior to November 1, 2023, the 2021 version of the Sentencing Guidelines applies. *See* USSG § 1B1.11(b)(1), p.s. ("If the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the ex post facto clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed.").

2

held that "one panel cannot overrule a decision issued by another panel." *McMellon v. United States*, 387 F.3d 329, 332 (4th Cir. 2004) (en banc).

Because Bey's argument is squarely foreclosed by *Boler*, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*